The opinion of the Court was delivered by
Mr. Justice Johnson.
It is the peculiar province of a J ury to decide all questions of fact; by this, however, it is not to be understood, that the final determination of every case in which questions of fact are involved, are alone to be decided by a J ury; for when it is dear to demonstration, from the facts stated, that is impossible to infer from them any thing which can go to charge a party, it then becomes a question of law, to decide which is the peculiar province of the Court. If, then, it was impossible to infer from the facts sworn to in this case, that there was any thing which amounted to sufficient evidence of an acceptance, or any thing from which it could possibly be inferred, I think the Court erred in submitting it to the consideration of the Jury; and ought to have non-suited the plaintiff, or directed the Jury to find a verdict for the defendant.
As to what shall, or shall not, constitute or amount to sufficient evidence of an acceptance, I take the rule to be, that there must be something from which it can fairly be inferred, that a confidence was reposed in, or a credit given *134 to, the accepter, (Kyd on Bills, 72;) and I am aware, that in particular cases very slight circumstances are deemed sufficient. What is the evidence in this case to prove that the plaintiff had reposed a confidence in, or given a credit to, the defendant? It is, that defendant said, “ he must,” or “ would have to, pay” the bill, and this in a loose conversation with an entire stranger to the transaction, and of which it does not appear that the plaintiff had ever heard;, where then is the evidence to show that the plaintiff gave credit to, or reposed a confidence in, the defendant ? I apprehend there is none. it appears to me to amount to no more than a declaration of his intention to accept, which might depend on a thousand contingencies that would defeat it. It appears to me, therefore, that the verdict is not supported by evidence; and I am of opinion, that the motion ought to be granted.
Grimké, Bay, JYott, Colcock, and Cheves, J. concurred.
Gantt, J. concurred ; but for different reasons than expressed herein.